UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Richard Moore, Cynthia Moore,
husband and wife,

    Plaintiffs,

v.                                                   Case No. 08-15248

All Cities Mortgage and Financial, Inc.,      Honorable Sean F. Cox
*et al.*,

    Defendants.
_____/

### ORDER GRANTING DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

    This matter is currently before the Court on Defendant U.S. Bank National Association's Motion to Set Aside Clerk's Entry of Default.  The Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motions will be decided upon the briefs.  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  For the reasons below, the Court shall GRANT the motion.

    Plaintiffs filed this action in state court.  The action was removed to this Court on December 22, 2008.  On January 27, 2009, a Clerk's Entry of Default was entered against Defendant U.S. Bank National Association ("U.S. Bank").  (Docket Entry No. 6).  Plaintiffs have not obtained a default judgment against U.S. Bank in this action.

    On February 2, 2009, U.S. Bank filed its Answer and Affirmative Defenses.  (Docket Entry No. 12).  On March 18, 2009, U.S. Bank filed the instant motion seeking to set aside the

clerk's entry of default.

Plaintiffs have not filed any response in opposition to the motion and the time for doing so has passed.

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." When evaluating either a motion to set aside an entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, a "somewhat more lenient standard" is applied where, as here, there has only been an entry of default and no default judgment has been issued. *Id*.

After reviewing Defendant U.S. Bank's unopposed motion, the Court finds the applicable standard has been satisfied here and that the Court should set aside the clerk's entry of default.

Accordingly, **IT IS ORDERED** that Defendant U.S. Bank's Motion to Set Aside Clerk's

Entry of Default is **GRANTED**.

   **IT IS SO ORDERED**.

      S/Sean F. Cox
      Sean F. Cox
      United States District Judge

Dated:  April 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 15, 2009, by electronic and/or ordinary mail.

      S/Jennifer Hernandez
      Case Manager